**Case No. 26-2145**

**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

NEW MEXICO FORWARD PARTY et al.,

*Plaintiffs-Appellants*,

v.

MAGGIE TOULOUSE OLIVER,
in her official Capacity as Secretary of State of New Mexico, et al.,

*Defendants-Appellees*.

Appeal from the
United States District Court for the District of New Mexico,
the Honorable Margaret I. Strickland,
Case No. 1:26-CV-02286-MIS-SCY

# BRIEF OF NEW MEXICO ATTORNEY GENERAL RAÚL TORREZ AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS' MOTION FOR INJUNCTION PENDING APPEAL

RAÚL TORREZ
*Attorney General*

Aletheia V.P. Allen
*Solicitor General*
201 Third St. NW, Suite 300
Albuquerque, NM 87102

Daniel Ahrens
*Assistant Solicitor General*
408 Galisteo St.
Santa Fe, NM 87501
(505) 269-0686

*Counsel for Amicus Curiae Raúl Torrez*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii
INTEREST OF AMICUS CURIAE ........ 1
ARGUMENT ........ 2
CONCLUSION ........ 13
STATEMENT OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS ........ 15
CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS ........ 16
CERTIFICATE OF SERVICE ........ 17

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Celebrezze*,
460 U.S. 780 (1983)........................................4, 5

*Daien v. Ysursa*,
711 F. Supp. 2d 1215 (D. Idaho 2010)........................................8

*Ill. State Bd. of Elections v. Socialist Workers Party*,
440 U.S. 173 (1979)........................................6, 9

*Jenness v. Fortson*,
403 U.S. 431 (1971)........................................11

*Libertarian Party of N.M. v. Herrera*,
506 F.3d 1303 (10th Cir. 2007)........................................10

*Libertarian Party of Ohio v. Blackwell*,
462 F.3d 579 (6th Cir. 2006)........................................12

*Rogers v. Corbett*,
468 F.3d 188 (3d Cir. 2006) ........................................7

*Storer v. Brown*,
415 U.S. 724 (1974)........................................11, 12

*Swanson v. Worley*,
490 F.3d 894 (11th Cir. 2007)........................................9

**Statutes**

Colo. Rev. Stat. § 1-4-802 (2026) .......... 3

N.M. Stat. Ann. § 1-7-2 (2011) .......... 4, 13

N.M. Stat. Ann. § 1-15-3 (2017) .......... 8

N.M. Stat. Ann. § 1-7-7 (2011) .......... 2

N.M. Stat. Ann. § 1-8-1 (2014) .......... 2, 3, 7

N.M. Stat. Ann. § 1-8-2 (2023) .......... 3, 7, 13

N.M. Stat. Ann. § 1-8-51 (2023) .......... 3, 7

N.M. Stat. Ann. § 8-5-2 (1975) .......... 1

**Other Authorities**

Fed. R. App. P. 29 .......... 1

New Mexico Secretary of State, 2026 Candidate Information Guide, at 11, 16, https://www.sos.nm.gov/wp-content/uploads/2025/12/2026-Primary-Candidate-Guide_Final.pdf (last visited Sept. 10, 2026) .......... 3

New Mexico Secretary of State, 2026 Nominating Petition for Minor Parties and Decline to State (Independent) Candidates Calculations, at 2, https://www.documentcloud.org/documents/28483655-2026-nominating-petition-calculations-for-minor-parties-and-independent/ (last visited Sept. 8, 2026) .......... 3

New Mexico Secretary of State, Past Results, https://electionstats.sos.nm.gov (last visited Sept. 8, 2026) .......... 2, 3, 10, 11

## INTEREST OF AMICUS CURIAE

The State of New Mexico files this brief in support of Plaintiffs-Appellants New Mexico Forward Party and their candidates and reversal of the district court's denial of a preliminary injunction. The Attorney General is authorized by statute to appear before federal courts "to represent and to be heard on behalf of the state when, in his judgment, the public interest of the state requires such action[,]" N.M. Stat. Ann. § 8-5-2(J) (1975), and the State is authorized to file an amicus brief without leave of court pursuant to Federal Rule of Appellate Procedure 29(a)(2).

## ARGUMENT

Major party candidates, minor party candidates, and independents should compete on a level playing field in New Mexico's elections. Today, they do not. New Mexico's ballot access laws have cemented a two-party political status quo by imposing onerous signature requirements on minor party and independent candidates. New Mexicans deserve real competition at the polls. This Court should act quickly to enjoin the signature requirements and place Plaintiffs on the ballot.

New Mexico requires all candidates to earn their place on the ballot. But major party candidates can stroll onto the ballot while independent and minor party candidates must forge a more difficult path. In New Mexico, if a party has received at least five percent of the vote in the previous election for governor, the party's nominee will be placed on the general election ballot. N.M. Stat. Ann. § 1-7-7(A) (2011), § 1-8-1 (A) (2014). And because voters are almost always forced to choose between the two major parties, major parties can remain on the ballot, year after year. *See generally* New Mexico Secretary of State, Past Results, https://electionstats.sos.nm.gov (last visited Sept. 10, 2026).

The path for independent and minor party candidates is tougher. To get their names on New Mexico's ballots, independent and small-minor party[1] candidates must gather 14,200 signatures, or two percent of the vote in the previous election for governor, between March and June. N.M. Stat. Ann. § 1-8-2(B) (2023), § 1-8-51(C) (2023); New Mexico Secretary of State, 2026 Nominating Petition for Minor Parties and Decline to State (Independent) Candidates Calculations, at 2, https://www.documentcloud.org/documents/28483655-2026-nominating-petition-calculations-for-minor-parties-and-independent/ (last visited Sept. 10, 2026); New Mexico Secretary of State, 2026 Candidate Information Guide, at 11, 16, https://www.sos.nm.gov/wp-content/uploads/2025/12/2026-Primary-Candidate-Guide_Final.pdf (last visited Sept. 10, 2026). To put this in perspective, in Colorado, a state with three times the population of New Mexico, a minor party candidate needs to gather roughly the same number of signatures (12,000) to be placed on the general election ballot. Colo. Rev. Stat. § 1-4-802(1)(c)(I) (2026).

---

[1] That is, minor parties with fewer than 7,100 members (one percent of the votes in the previous general election). N.M. Stat. Ann. § 1-8-2(B)(1).

Minor party candidates face an additional hurdle in New Mexico, aside from the signature requirements for individual candidates. Prior to running a slate of candidates, a minor party must first qualify as a political party by submitting a petition with 3,561 signatures, or half a percent of the votes cast statewide in New Mexico's last election for governor. N.M. Stat. Ann. § 1-7-2(A) (2011).

So, small-minor party and independent candidates face different, more onerous hurdles than major party candidates. These additional bars to the ballot "discriminate[] against those candidates and—of particular importance—against those voters whose political preferences lie outside the existing political parties." *Anderson v. Celebrezze*, 460 U.S. 780, 794 (1983). In this case, candidates of a minor party, the New Mexico Forward Party, attempted to run for a variety of offices, some local, some statewide. Some qualified in down-ballot races, but the party's two statewide candidates, Bob Perls and Michael J. Vigil, running for United States Senate and State Auditor, respectively, gathered thousands of signatures, but were unable to meet the signature threshold for minor-party and independent candidates.

The Constitution protects the First and Fourteenth Amendment rights of New Mexico Forward's candidates to petition and to access the ballot on the same terms as major parties. When considering a constitutional challenge to a state's election law—such as "[t]he impact of candidate eligibility requirements on voters," *Anderson*, 460 U.S. at 786—courts follow the so-called *Anderson-Burdick* framework. Under this framework, a court "first consider[s] the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate"; then the court "must identify and evaluate the precise interests put forward by the [s]tate as justifications for the burden imposed by its rule." *Id.* at 789. To withstand constitutional scrutiny, the state's claimed interest must "make it necessary to burden the plaintiff's rights." *Id.*

This constitutional framework protects the rights of minor parties and independent candidates. Because "voters can assert their preferences only through candidates or parties or both," the "right to vote is heavily burdened if that vote may be cast only for major-party candidates at a time when other parties or other candidates are clamoring for a place on the ballot." *Id.* at 787 (citation modified). The

rights of minor parties are not to be discounted in light of the "significant role" they have played in the "political development of the Nation." *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 185 (1979). "Abolitionists, Progressives, and Populists have undeniably had influence, if not always electoral success." *Id.* at 185–86. For minor parties and independent candidates, ballot access matters because "an election campaign is a means of disseminating ideas as well as attaining political office." *Id.*

New Mexico's signature requirements for small-minor party and independent candidates are plainly unconstitutional. They are not defensible under any state interest, much less a compelling one. They are not the less or least restrictive means of realizing the state's interest in an orderly ballot. And they impose distinct, onerous requirements on minor party and independent candidates, leaving New Mexicans only two choices at the polls.

But the district court declined to issue a preliminary injunction placing Plaintiffs Perls and Vigil on the ballot. This Court should ultimately reverse that decision, and in the meantime, issue an

injunction pending appeal, because of three critical errors committed by the district court's order.

*First*, the district court erred in not scrutinizing the state's asserted interest in the two percent signature requirement. Again, small-minor party and independent candidates must gather 14,200 signatures to run a campaign for a statewide office. N.M. Stat. Ann. § 1-8-2(B). Major party candidates can qualify for statewide office merely by gaining support at a party's convention and then succeeding in a party primary (that may be uncontested). N.M. Stat. Ann. § 1-8-1(A). And large-minor parties only need to gather half as many signatures (7,100) for their statewide candidates. N.M. Stat. Ann. § 1-8-2(B), § 1-8-51.

The district court's order, however, tells us this disparity can avoid constitutional scrutiny because New Mexico has in an interest in "ensur[ing] candidates demonstrate a modicum of support before appearing on the ballot." PI Order at 22. Applying the *Anderson-Burdick* framework, the court accepted the state's alleged interest in requiring candidates "demonstrate[e] support" to "'prevent[] ballot clutter and ensur[e] viable candidates.'" PI Order at 23 (quoting *Rogers v. Corbett*, 468 F.3d 188, 197 (3d Cir. 2006)).

But the state's asserted interest in crowded ballots just doesn't pass the sniff test. Take presidential races, in which New Mexico awards its five electoral votes in a *statewide election*. There, minor party candidates can qualify for the presidential ballot by nomination alone, N.M. Stat. Ann. § 1-15-3 (2017), and independent presidential candidates need only gather a quarter as many signatures as small-minor parties do for other statewide races (half of a percent (3,550) instead of two percent (14,200)). In other words, if the state is worried about "ballot clutter" and candidates "demonstrating support," why is ballot clutter not an issue in presidential races that attract candidates from around the country? Why is it easier to run for President than State Auditor?

Because "the quantum of support necessary to ensure an orderly ballot for one office ought to be sufficient for the other," courts have struck down state ballot access requirements that impose different requirements on presidential and statewide office candidates. *Daien v. Ysursa*, 711 F. Supp. 2d 1215, 1237 (D. Idaho 2010). In other words, the New Mexico Legislature "has determined that its interest in avoiding overloaded ballots in statewide elections is served" by the methods used in presidential races—party nomination or half-percent signature

requirements. *Ill. State Bd. of Elections*, 440 U.S. at 186. It may not, then, impose a higher requirement (two percent) on other statewide races absent a compelling state interest. *Id.* Without a compelling interest for "more stringent" ballot access requirements in state elections as opposed to presidential races, New Mexico's higher signature requirement flunks the *Anderson-Burdick* framework. *Id.*

Thus far, the Secretary has not advanced any interest in imposing a higher burden on statewide candidates as opposed to presidential candidates, much less a compelling one. Def's PI Resp. at 14. To be sure, other courts have upheld distinct signature requirements where the state has articulated a unique interest in statewide elections as opposed to presidential elections. *Swanson v. Worley*, 490 F.3d 894, 905 n.12 (11th Cir. 2007). But in this litigation, the Secretary has only advanced a generic interest in preventing "overcrowding, voter confusion, and frivolous candidacies." Def's PI Resp. at 14. The Secretary has not explained or presented any evidence as to how the state's interests are better served by a two-percent threshold as opposed to the less restrictive means of party-nomination or a half-percent signature requirement.

Plaintiffs, on the other hand, have attempted to gather signatures to get on the ballot, and presented evidence the signature requirement imposed a severe burden on their candidacy. *Cf. Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1310 (10th Cir. 2007) (upholding New Mexico's ballot signature requirements where plaintiffs "failed . . . to offer any evidence to support" their claim of burden because they "did not attempt to obtain the signatures"). The Secretary has not articulated the state's interest in more onerous requirements. This Court should enjoin the higher signature requirement pending appeal and qualify Plaintiffs to the ballot.

*Second*, the district court did not grapple with New Mexico's entrenched politics. In the district court's telling, the hurdles faced by minor party and independent candidates may be different but are nevertheless "reasonably similar" enough to the burdens placed on major party candidates to avoid constitutional scrutiny. PI Order at 23. But if the burdens on major and minor parties were similar, it is hard to see how, in most elections, only two major-party candidates would advance to the general election. *See generally* Past Results.

The district court waved away these concerns by focusing solely on the function of New Mexico's signature requirements, not their effect. New Mexico's restrictions are not like previous requirements (barring independent candidates altogether, etc.) the Supreme Court has previously found unconstitutional for freezing the status quo, the district court says, so New Mexico's system must be constitutional. PI Order at 26 (citing *Jenness v. Fortson*, 403 U.S. 431, 437–38 (1971)). But this reasoning elevates form over function. The Supreme Court has held that "[p]ast experience" matters, not just the form of regulation. *Storer v. Brown*, 415 U.S. 724, 742 (1974). "[I]t will be one thing if independent candidates have qualified with some regularity and quite a different matter if they have not." *Id.* Minor party and independent candidates do not qualify with regularity in New Mexico. *See, e.g.*, Past Results (click "search," then "State Auditor") (showing between 2002 and 2022, only one minor party candidate for State Auditor candidate qualified for the general election).

Still, the district court says, a few of New Mexico Forward's local candidates were able to qualify, so it argues a "reasonably diligent" candidate can meet New Mexico's ballot access requirements. *Storer*, 415

U.S. at 742. This reasoning is flawed. Local and statewide ballot access requirements are apples and oranges. Statewide races require more resources and more signatures, and as Plaintiffs explain and the evidence shows, *see* PI Mot. at 12–13, it is "only rarely that the [non-major party] candidate will succeed in getting on the [statewide] ballot." *Storer*, 415 U.S. at 742. New Mexico's two-percent signature requirement has frozen a two-party status quo.

*Third*, the district court erred in analyzing Plaintiffs' burdens individually instead of cumulatively. In its order, it analyzed the Plaintiffs' burdens and the state's interest in "particular aspect[s] of the framework" separately. PI Order at 12. That is not the law.

As the Sixth Circuit has explained, the *Anderson-Burdick* inquiry is "not whether each law individually creates an impermissible burden but rather whether the combined effect of the applicable election regulations creates an unconstitutional burden on First Amendment rights." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 586 (6th Cir. 2006). By analyzing each aspect of New Mexico's statutory framework individually, the Court dismissed some aspects of the statutory framework, like the requirements for party certification. PI

Order at 14–15 (citing N.M. Stat. Ann. § 1-7-2(A); § 1-8-2(E)). This was error, because although New Mexico Forward was successful in registering as a new party, it nevertheless had to expend resources doing so, and that burden must be considered as part of the cumulative burden it and its candidates faced this cycle. It was error to consider the provisions individually, and taken together, the burden of New Mexico's ballot access requirements is severe and unconstitutional.

## CONCLUSION

This Court should enjoin New Mexico's ballot access requirements pending appeal, and ultimately, reverse the district court.

Respectfully submitted,

RAÚL TORREZ
*Attorney General, State of New Mexico*

By: *_/s/ Daniel Ahrens_*

Daniel Ahrens
*Assistant Solicitor General*
New Mexico Department
of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
dahrens@nmdoj.gov

Aletheia V.P. Allen
*Solicitor General*
201 Third St. NW, Suite 300
Albuquerque, NM 87102
aallen@nmdoj.gov

*Counsel for Amicus Curiae the State of New Mexico*

## STATEMENT OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that:

1) This brief complies with the type-volume requirement of Federal Rule of Appellate Procedure 29(a)(5). It contains 2,253 words, excluding the parts of the brief excluded by Federal Rule of Appellate Procedure 32(f).

2) This brief complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It is printed in Century Schoolbook, 14-point.

By: */s/ Daniel Ahrens*
Daniel Ahrens
*Assistant Solicitor General*
Office of the New Mexico
Attorney General
408 Galisteo Street
Santa Fe, NM 87501
(505) 269-0686
dahrens@nmdoj.gov

*Counsel for Amicus Curiae the State of New Mexico*

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with Microsoft Defender Antivirus, and, according to the program, is free of viruses.

By: *_/s/ Daniel Ahrens_*
Daniel Ahrens

**CERTIFICATE OF SERVICE**

On September 10, 2026, I filed the foregoing document through the Court's CM/ECF system, which caused all parties or counsel of record to be served by electronic means.

By: *\/s/ Daniel Ahrens*
Daniel Ahrens